FILED 07 MAY 30 16:04 USDC-ORP

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MASTIN EUGENE TAYLOR,

          Petitioner,        Civil No. 05-500-CO

      v.                 FINDINGS AND
                               RECOMMENDATION

SHARON BLACKLETTER,

          Respondent.

CLARKE, Magistrate Judge.

      Petitioner filed a pro se petition under 28 U.S.C. §
2254 challenging a decision of the Oregon Board of Parol and
Post-Prison Supervision (Board) dated July 17, 2001, in which
it denied re-release following an earlier parole revocation.
Respondent's Exhibit #104, p. 5. [Board Action Form (BAF)#23][1]

      On July 25, 2005, respondent moved to deny the petition
and dismiss this proceeding on the ground that petitioner did

---

[1]The Board's finding that petitioner "cannot be adequately
controlled in the community" resulted in a "true life sentence."

1 - FINDINGS AND RECOMMENDATION

not file his petition within the time allowed by 28 U.S.C. §
2254.

On January 1, 2006, petitioner's counsel filed a Brief in
Support of Petition and Reply to Respondent's Answer (#23) in
which she argues:  "The Board misunderstands the nature of Mr.
Taylor's claims.  Mr. Taylor is not directly challenging BAF
#23 in this action.  Instead, Mr. Taylor is challenging the
refusal of the Board to reconsider BAF #23 pursuant to OAR
255-075-0055, and specifically to consider the evidence that
Mr. Taylor did not receive BAF #23 until September 15, 2001,
or 43 days after the Board contends it was mailed."
Petitioner's Reply (#23) p. 13-14.  Counsel further contends
"[t]he issue at this time is whether Mr. Taylor filed a timely
request for Administrative Review with the Board following the
decision to revoke his parole - a decision that is reflected
in Board Action Form ("BAF") No. 23." Sur-Reply in Support
(#41) p. 2.[2]

**Facts / Procedural History:**   The relevant background facts
and procedural history giving rise to petitioner's claim are
as follows:

1. Petitioner was convicted of Murder in 1984 and
sentenced to life in prison with a five year minimum.

---

[2]Actually BAF #23 reflected the Boards future disposition
hearing decision to deny petitioner *re-release* on parole, and was
not a "revocation order." Respondent's Exhibit 118.  Petitioner's
parole was revoked by Order of Revocation dated April 25, 2001.
See, Respondent's Exhibit 120 and 121.

Respondent's Exhibit 101.  Petitioner was released on parole for a second time in early 2001.  Respondent's Exhibit 104 at p. 39.

2.  On April 5, 2001, petitioner was arrested for Driving under the Influence of Intoxicants.  Respondent's Exhibit 117 at p. 80-81; Exhibit 104 at p. 5 and 57.

3.  On April 17, 2001, a parole board hearing was held before a hearings officer, who recommended to the Board that petitioner's parole be revoked. Respondent's Exhibit 117.

4.  On April 25, 2001, the Parole Board issued an Order of Revocation, revoking petitioner's parole.  Respondent's Exhibit 120.  Petitioner did not appeal the Order of Revocation.

5.  On May 7, 2001, the Board mailed petitioner Board Action Form 22, informing petitioner of an upcoming future-disposition hearing.  Respondent's Exhibit 121.

6.  On July 17, 2001, the Board held a future-disposition hearing to determine whether to re-release petitioner on parole.  Respondent's Exhibit 118.

7.  On July 27, 2001, petitioner was convicted of DUII for his April 5, 2005, arrest.  Respondent's Exhibit 116 and 119.

8.  On August 3, 2003 the Board mailed Board Action Form 23 ("BAF #23") denying petitioner re-release on parole. Respondent's Exhibit 104 at p. 4-5.  BAF #23 reflected the Board's decision on petitioner's July 17, 2001, future-

3 - FINDINGS AND RECOMMENDATION

disposition hearing (ie. denying petitioner re-release on parole). Petitioner contends that he did not receive BAF #23 until after the 45 day time limit to request administrative review and reconsideration of the Board decision denying petitioner re-release on parole.

9.   On October 26, 2001, petitioner mailed a request for administrative review of BAF #23. Respondent's Exhibit 104 p. 13-14.

10. On December 18, 2001, the Board mailed Administrative Review Response (ARR) 7 denying as untimely petitioner's request to review BAF #23. Respondent's Exhibit 104 at p. 68.

11. On April 23, 2002, petitioner submitted a packet of documents to the Board, which the Board treated as a request to re-open the issue of whether petitioner's October 26, 2001 request for review of BAF #23 was timely.   Respondent's Exhibit 103.

12.   On May 6, 2002, the Board mailed Administrative Review Response (AAR) 8 denying petitioner's request to re-open the issue of whether his request for review of BAF #23 was timely. Respondent's Exhibit 109.

13.   On June 13, 2002, petitioner filed a petition for judicial review of ARR 8.   Respondent's Exhibit #103. Petitioner did not seek judicial review of the Board's initial decision denying administrative review in AAR 7.

14.   On August 20, 2003, the Oregon Court of Appeals dismissed petitioner's petition for lack of jurisdiction,

finding that petitioner "did not exhaust his administrative remedies because his request for administrative review was not timely under respondent's administrative rules." Respondent's Exhibit #110 and #111. That appellate judgment was subsequently withdrawn and petitioner's unopposed motion to reinstate the appeal was allowed on November 21, 2003. Respondent's Exhibit 112.

15.    The Oregon Supreme Court denied review by Order dated April 6, 2004.  Respondent's Exhibit 114.

**Discussion:**  There is a factual dispute in the record as to when petitioner first received BAF #23 notifying him of the Boards action denying re-release.  In order to be timely, petitioner's request for administrative review of BAF 23 would have had to have been received by the Board within 45 days of the mailing of BAF 23, or by September 17, 2001.

Petitioner has submitted evidence that he did not receive BAF #23 until September 15, 2001.  Respondent has presented evidence that disputes petitioner's evidence and suggests an earlier date of receipt. However, the date petitioner received BAF 23 is not the dispositive issue before the court in this proceeding.  The court accepts  petitioner's contention that he is "challenging the refusal of the Board to reconsider BAF 23 pursuant to OAR 225-075-005" and agrees that the appropriate analysis focuses on the proper application of that administrative rule.

The court also notes that by petitioner's own admission,

he received BAF #23 no later than September 15, 2001, and arguably could have requested administrative review within the time allowed - ie. by September 17, 2001.[3]

However, petitioner did not send his request for administrative review of BAF 23 until October 26, 2001. Respondent's Exhibit 104 at 14. The Board received the request on October 31, 2001 (Respondent's Exhibit 103) and on December 10, 2001, the Board issued AAR 7 denying review on the ground that petitioner's request was untimely.

On April 23, 2002, petitioner submitted documents that the Board construed as a request to reopen the issue of whether petitioner's request for administrative review was timely. After considering petitioner's "packet" of documents the Board concluded that petitioner had not provided any new evidence that warranted reopening the matter and issued ARR 8 on April 25, 2002.

Petitioner acknowledges that a successful challenge to ARR 8 is the key to enabling him to directly challenge BAF 23, and that his claim in this proceeding is a challenge to the Board action reflected in ARR 8. See, Petitioner's Reply (23) p. 13-14.[4]

---

[3]In petitioner's letter to the Board dated September 7, 2001, plaintiff stated that although he had not received a copy of BAR 23, he was aware that the Board's decision because they "told [petitioner's] Aunt over a month ago." Respondent's Exhibit 104 at p. 7-9.

[4]Although the court requested that the parties submit brief's on the merits of petitioner's underlying claim, ie. petitioner's challenge to BAF 23, denying petitioner re-release on parole, see

O.A.R. 255-075-0055(1) provides that the Board may reopen a hearing if "substantial new information is discovered which was not known or could not be anticipated at the time of the hearing and which would significantly affect the outcome of the hearing."

It is not clear from the record before the court exactly what was contained in the "packet" of documents submitted to the Board by petitioner and construed by the Board as a request to reopen. The packet may have consisted of the documents in the Appeal Record, Respondent's Exhibit 104, attached to petitioner's Amended Petition for Parole Review, Respondent's Exhibit 103.

Petitioner argued in the Court of Appeals (seeking judicial review of ARR 8) that the Board should have reopened the administrative review proceeding (to review BAF #23) because petitioner was unable to make a timely request for administrative review because he was incarcerated in Unit 5 ("the hole"). See, Respondent's Exhibit (#106) (Response to Order to Show Cause).

The Oregon Court of Appeals upheld the Board's determination that petitioner failed to present any "substantial new evidence" that justified reopening the

Order (#43), a re-examination of the procedural posture of this case reveals that it is not necessary or appropriate to consider those arguments at this time. The court agrees with petitioner's characterization of the issue before the court as the "refusal of the Board to reconsider BAF #23," the Board action reflected in Administrative Review Response #8.

7 - FINDINGS AND RECOMMENDATION

administrative review process.

State courts are the "ultimate expositors of state law."
Mullaney v. Wilbur, 421 U.S. 648, 691 (1975).   Thus, the
Oregon court's application of OAR 255-075-005 in petitioner's
case is binding on this court.

Moreover, I find that the Court of Appeals decision
regarding the Board's determination that petitioner failed to
present any "substantial new evidence" is supported by the
record before the court. Petitioner has not specifically
identified anything in the packet challenging the merits of
the Board's decision in BAF #23.   It appears that petitioner
offered evidence and argument to support his claim that he had
not received BAF #23 in a timely manner.

The   fact   that   the   circumstances   of   petitioner's
incarceration may have prevented him from making a timely
request for administrative review of the Board's determination
(even if liberally construed as "substantial new information
... which was not known or could not be anticipated at the
time of the hearing") does not suggest that it "would
significantly affect the outcome of the hearing."

Moreover, the Board's authority to reopen a hearing
pursuant to O.A.R. 255-075-055(1) is discretionary.   The rule
does not entitle a prisoner to reconsideration; it merely
provides that the Board *may* reopen a hearing if presented with
"substantial new information."   Thus, even if petitioner had
presented some evidence challenging the Board's decision on

8 - FINDINGS AND RECOMMENDATION

BAF #23 on the merits, the Board would not have been obligated to reconsider its earlier decision.

Thus, the Board fully complied with the Oregon Administrative Rules in not reopening its earlier decision. Assuming *arguendo* the Board or the state court erred in the application of the rule, it was an error of state law and not actionable under 28 U.S.C. § 2254. <u>See</u>, 28 U.S.C. § 2254(a) (a federal court may grant habeas relief "only on the ground that the [petitioner] is in custody in violation of the Constitution or laws or treaties of the United States."); <u>Pully v. Harris</u>, 465 U.S. 37, 41 (1989) ("A federal court may not issue the writ on the basis of a perceived error of state law.").

To the extent that petitioner argues he has a federal due process right in Oregon Parole procedures, his argument is not supported by the law of this Circuit. Although the Supreme Court has held that certain mandatory statutory language may create an "expectancy of parole" that is entitled to due process protections, <u>see</u>, <u>Greenholtz v. Nebraska Penal and Corr. Complex</u>, 442 U.S. 1, 12 (1979), the <u>Greenholtz</u> rule has not been held to apply to Oregon parole procedures.

Moreover, the rule at issue in this proceeding provides that the Board "may" reopen a hearing and is therefore discretionary and distinguishable from the mandatory parole procedures at issue in <u>Greenholtz</u>.

**Summary:**  Petitioner's claim in this proceeding is that the

9 - FINDINGS AND RECOMMENDATION

Parole Board erred in refusing to reconsider BAF #23 pursuant to OAR 255-075-005. The Oregon court of Appeals upheld the Board's determination that petitioner had fail to present any substantial new evidence that justified re-opening the administrative process under OAR 255-075-005(1) to review or reconsider BAF 23.    The Oregon court's interpretation and application of its administrative rule and law is binding on this court. Moreover, the state court decision is supported by the record before the court. If the Board or state court erred in the application of the rule, it is an error of state law not actionable under 28 U.S.C. § 2254. In addition, the rule at issue gives discretionary authority to the Board and does not create enforceable due process rights under the circumstances of this case.    Accordingly, petitioner's Petition (#1) should be denied and this proceeding should be dismissed.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order.  The parties shall have ten (10) days from the date of service of a copy of this recommendation within which to file specific written objections with the court. Thereafter, the parties have ten (10) days within which to file a response to the objections. Failure to timely file objections to any factual

10 - FINDINGS AND RECOMMENDATION

determinations of the Magistrate Judge will be considered a
waiver of a party's right to de novo consideration of the
factual issues and will constitute a waiver of a party's right
to appellate review of the findings of fact in an order or
judgment entered pursuant to the Magistrate Judge's
recommendation.

DATED this 29 day of May, 2007.

Mark D. Clarke
United States Magistrate Judge

11 - FINDINGS AND RECOMMENDATION